IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**AMOR AYALA,**

    **Plaintiff,**

    vs.                                                                       **Civ. No. 24-1209 DHU/JFR**

**FRANK BISIGNANO,**
**Commissioner of Social Security,**

    **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDED DISPOSITION
ON PLAINTIFF'S OPPOSED MOTION FOR ATTORNEY FEES
PURSUANT TO THE EQUAL ACCESS TO JUSTICE ACT[1]**

**THIS MATTER** is before the Court on Plaintiff's Opposed Motion for Attorney Fees Pursuant to the Equal Access to Justice Act ("Motion"), filed December 15, 2015. Doc. 27. Defendant filed Objections ("Objections") to the Plaintiff's Motion on December 16, 2025. Doc. 28. Plaintiff filed a Reply on January 21, 2026. Doc. 31. The Court, having reviewed the parties' submissions and the relevant law, and being otherwise fully advised, FINDS that Defendant's Objections are not well taken and recommends that Plaintiff's Motion be **GRANTED**.

In her Motion, Plaintiff seeks attorney fees pursuant to the Equal Access to Justice Act ("EAJA") in the amount of $11,565.00.[2] Doc. 27 at 6. The EAJA provides that a fee award is required if: (1) plaintiff is a "prevailing party"; (2) the position of the United States was not

---

[1] On January 21, 2025, United States District Judge David H. Urias entered an Order of Reference referring this case to the undersigned to conduct hearings, if warranted, including evidentiary hearings and to perform any legal analysis required to recommend to the Court an ultimate disposition of the case. Doc. 9.

[2] Plaintiff's attorney avers he spent 45 hours providing professional services to Ms. Ayala in this matter at a rate of $257.00 per hour. Doc. 27-1. The Commissioner does not contest the reasonableness of the hours billed or the requested hourly rate. Plaintiff also states he will seek additional fees associated with briefing his litigation fees. Doc. 27 at 6.

"substantially justified"; and (3) there are no special circumstances that make an award of fees unjust. *Hackett v. Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007) (citing 28 U.S.C. § 2412(d)(1)(A)).  Here the dispute is whether the Commissioner's position was substantially justified and/or whether his harmless error argument was reasonable pursuant to a recognized exception.  "Position" refers to both the Commissioner's position in the federal civil case and the agency's actions at the administrative level.  28 U.S.C. § 2412(d)(2)(D); *see also Hackett*, 475 F.3d at 1170 (finding that government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation).

The Commissioner bears the burden of proving that its position was substantially justified.  *Kemp v. Bowen*, 822 F.3d 966, 967 (10th Cir. 1987).   The test for substantial justification is one of reasonableness in law and fact.  *Gilbert v. Shalala*, 45 F.3d 1391, 1394 (10th Cir. 1995).  The government's position must be "justified in substance or in the main – that is, justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 US. 552, 565, 108 S. Ct. 2541, 101 L.Ed.2d 490 (1988).  The government's "position can be justified even though it is not correct." *Hackett*, 475 F.3d at 1172 (quoting *Pierce*, 487 U.S. at 565.)  A lack of substantial evidence on the merits does not necessarily mean that the government's position was not substantially justified.  *Hadden v. Bowen*, 851 F.2d 1266, 1269 (10th Cir. 1988).

The Court is required to view the case as a whole.  *See Hackett*, 475 F.3d at 1173, n. 1 (concluding that the Commissioner's position in the case was not "substantially justified" and that an EAJA fee was appropriate even though the Commissioner prevailed on five of six issues presented in district court, but where plaintiff obtained remand based on a single discrete issue that resulted in the unreasonable denial of benefits and the other issues did not provide a basis to affirm the ALJ's decision).

Plaintiff raised two arguments for judicial review of the Commissioner's final decision denying her supplemental security income application.[3]  Following a meticulous review of the entire record, the Court found that the ALJ erred in failing to resolve an apparent conflict between the DOT and the VE's testimony.  Doc. 25 at 2-3, 6-14.  The Court further found that the ALJ's determination as to the number of national jobs available to Plaintiff was not supported by substantial evidence.  *Id.*  Finally, the Court found that it was constrained on harmless error review from finding as a matter of law that 50,000 jobs in the national economy constitutes a significant number.  *Id.*  The Court, therefore, recommended remand.  *Id.*

There being no objections filed, the Court entered an Order Adopting Magistrate Judge's Proposed Findings and Recommended Disposition and this matter was remanded to the Social Security Administration.  Doc. 25.

Plaintiff argues that it is undisputed that the ALJ is required to resolve inconsistencies between the DOT and the VE's testimony and that the ALJ failed to do so here constituting legal error.  *Id.* at 4.  Plaintiff further argues that it is undisputed that the ALJ did not consider in the first instance whether 50,000 jobs in the national economy was a significant number such that the ALJ's decision that Ms. Ayala is not disabled cannot be supported by substantial evidence.  *Id.*

In opposing Plaintiff's Motion for an award of EAJA attorney fees, the Commissioner, on the one hand, argues that its position was substantially justified, while, on the other hand, asks the Courts to recognize an exception when the government advances a reasonable litigation position, in this case harmless error, that "cure[s] unreasonable agency action."  Doc. 28 at 3-7

---

[3] Ms. Ayala argued (1) that the ALJ failed to resolve a significant discrepancy between the Dictionary of Occupational Titles and the VE's testimony and failed to apply the *Trimiar* factors to determine whether other work within Plaintiff's restrictions arises in significant numbers; and (2) that the ALJ failed to meaningfully consider the impact of Ms. Ayala's obesity on her mental impairments.  Doc. 17 at 20-28.

3

(citing *Evans v. Colvin*, 640 F. App'x 731, 733 (10th Cir. 2016) (unpublished)).[4]  The Commissioner asserts that the legal issue regarding what number of jobs can be found to be significant and the application of harmless error is in flux.  *Id.*  The Commissioner reasserts his position that Tenth Circuit precedent and multiple districts within the Tenth Circuit have "adopted such an interpretation and [] found numbers of jobs less than the 50,000 remaining in this case was substantial as a matter of law for harmless error purposes."  *Id.*  The Commissioner asserts that while this Court's harmless error interpretation that it should not supply a missing dispositive finding which should be found by the ALJ is reasonable, the Commissioner's harmless error position was nonetheless also reasonable in light of the divergent Tenth Circuit and district court decisions on an unresolved issue.  In sum, the Commissioner asserts that his harmless error position has legal support and thus is substantially justified.

In Reply, Plaintiff argues that the Commissioner does not show that its positions were substantially justified.  Doc. 31 at 2.  Plaintiff argues that despite binding Tenth Circuit case law and numerous decisions from this District holding that the DOT definition of document preparer is inconsistent with an RFC limiting a claimant to simple routine tasks, the Administration defiantly, and with regularity, continues to assert there is no conflict.  *Id.* at 9-10.  Plaintiff argues that the Commissioner then attempts to convince the Court that even if there is a conflict that courts in other districts have held that less than 50,000 jobs is significant under a harmless error analysis such that EAJA fees should not be awarded.  *Id.* at 2.  Plaintiff argues that the Commissioner's position conflates the rigorous harmless error standard with substantial

---

[4] The general rule is that EAJA fees "should be awarded where the government's underlying action was unreasonable even if the government advanced a reasonable litigation position."  *Evans*, 640 F. App'x at 733 (citing *Hackett v. Barnhart*, 475 F.3d 1166, 1174 (10th Cir. 2007)).  An exception has been recognized, however, when the government advances a reasonable litigation position that "cure[s] unreasonable agency action," and this exception can be applied when the Commission argues harmless error in the social security context.  *Id.* (citing *Groberg v. Astrue*, 505 F. App'x 763, 765-66 (10th Cir. 2012)).

4

justification and implicitly attempts to reframe the harmless error inquiry as one of reasonableness, which is not the law. *Id.* Plaintiff argues that the Commissioner's litigation position rested on an incorrect legal standard, ignored controlling authority, and sought affirmance on grounds expressly rejected by this Court. *Id.* at 12. Plaintiff argues there was clear error in this case for which Plaintiff should not be required to bear the cost of correcting it. *Id.*

As noted above, the Commissioner bears the burden of proving that his position was substantially justified. *Hackett*, 475 F.3d at 1172. To begin, the Commissioner has not addressed at all whether his litigation position was legally and factually reasonable with respect to the error on which this case turned, *i.e.*, the ALJ's failure to resolve the apparent conflict between the DOT and the VE's testimony at the administrative hearing.[5] Instead, the Commissioner reasserts its alternative position that the ALJ's error, if any, was harmless because even excluding the job of document preparer the remaining 50,000 jobs has been deemed significant as a matter of law by other courts such that the ALJ's determination of not disabled is supported by substantial evidence.

Harmless error applies if "*no* reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way." *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004) (emphasis added). In this context, a harmless error analysis asks whether, after striking the job of document preparer, the number of jobs identified in the other two positions are still so numerous that a reasonable factfinder would be compelled to find that they exist in significant numbers in the national economy. *Id.; Raymond v. Astrue*, 621 F.3d 1269 (10th Cir. 2009).

---

[5] In opposing remand, the Commissioner argued that based on GED reasoning levels, no conflict existed between a reasoning level of three and simple work. Doc. 21 at 7-12.

In *Allen*, the Tenth Circuit warned that a harmless-error determination, *i.e.,* "deciding in the first instance that a particular number was significant under the circumstances," is different than cases which "involved court review of a finding of numerical significance made by the ALJ." 357 F.3d at 1144. That is, instead of conducting a substantial evidence review, a court performing a harmless error analysis is essentially "supply[ing] a missing dispositive finding." *Allen*, 357 F.3d at 1140. "[J]udicial line-drawing in this context is inappropriate." *Id.* "[T]he issue of numerical significant entails many fact-specific considerations requiring individualized evaluation, and . . . the evaluation should ultimately be left to the ALJ's common sense in weighing the statutory language as applied to a particular claimant's factual situation." *Id.* (internal quotation marks omitted). Indeed, the Court noted that in this case there are factors in in which the Court could foresee that a rational factfinder could conclude that 50,000 is not significant. *See* Doc. 24 at 14.

Here, once the erroneous job is subtracted from the total number of jobs the ALJ found "significant" in this case, the number of jobs drops from 65,000 to 50,000. Under a harmless error analysis, the relevant question is not whether *this* factfinder would resolve the matter the same way, instead the relevant question is whether *no* reasonable factfinder could resolve the matter in any other way. *Allen*, 357 F.3d at 1145. In determining whether the remaining number of jobs is enough, the Tenth Circuit does not ask how the starting number of jobs compares to the remaining number of jobs. Instead, the Tenth Circuit looks at the number of remaining jobs and ask if, for the types of jobs remaining, *all* reasonable factfinders would be compelled to conclude that their numbers are significant in the national economy.

Importantly, the number at issue here, 50,000 jobs, is well short of the number of jobs the Tenth Circuit, in its only published guidance, says all reasonable factfinders would find to be a

significant number – 1.34 million jobs. *Raymond*, 621 F.3d at 1274.[6] And 50,000 jobs is a third of the number of jobs deemed significant in the unpublished case of *Stokes v. Astrue*, which held that 152,000 jobs in the national economy is significant as a matter of law. 274 F. App'x 675, 684 (10th Cir. 2008). Additionally, as explained by the Court, the cases from other districts relied upon by the Commissioner rely primarily on *Rogers v. Astrue*, 312 F. App'x 138, 142 (10th Cir. 2009) (unpublished), in which the court implied that 11,000 nationally available jobs was a significant number. *See* Doc. 24 at 12, fn. 9. In *Rogers*, however, the Tenth Circuit did not address the issue of significance nor did it apply a harmless error standard of review. *Id.; see also Evans*, 640 F. App'x at 735 (noting that in *Rogers* the figure of 11,000 jobs was stated in dictum and harmless error was not at issue). The Court, therefore, found the cases the Commissioner cited and upon which he relied were unpersuasive.[7]

Last, the Commissioner's reliance on *Evans* to support that he was substantially justified to argue harmless error here is misplaced. Doc. 28 at 3-4. In *Evans*, the court considered whether it was harmless error when some but not all of the jobs identified by the ALJ have

---

[6] The Tenth Circuit did not resolve whether the ALJ erroneously relied on VE testimony that claimant was physically able to work as a "sales attendance" or an "office helper," because there was no colorable dispute that claimant could work as a rental clerk and it was undisputed that there were 1.34 million rental clerk jobs available in the national economy. 621 F.3d at 1273-75. Claimant did not dispute that 1.34 million rental clerk jobs in the national economy is a legally "significant" number. *Id.*

The Commissioner relies on *Raymond* as Tenth Circuit precedent to argue his position that the ALJ's error, if any, is harmless because the two remaining jobs here constitute a significant number of jobs. Doc. 28 at 3. The Tenth Circuit, however, did not address or apply a harmless error analysis in *Raymond*. Moreover, as noted above, it was undisputed in *Raymond* everyone agreed, even the claimant, that 1.34 million rental clerk jobs in the national economy is a legally "significant" number. 621 F.2d at 1247.

[7] The Commissioner states that "as the Court noted in its remand order, there was a division among courts as to how to interpret Tenth Circuit precedent as to what number of jobs could be found significant under a harmless error argument." Doc. 28 at 1. This statement mischaracterizes the Court's PFRD recommending remand. Indeed, the Court cited the Tenth Circuit's guiding principles (Doc. 24 at 11-12), noted and discussed the case law cited by the Commissioner (*id.* at 12, fn. 9), and then explicitly stated that holdings by jurists in this District (*id.* at 12-14). The Court did not, as the Commissioner seeks to imply, acknowledge or posture its discussion to suggest that the case law is in flux such that this issue could be decided either way under a harmless error analysis or that the Commissioner's argument was reasonable.

7

requirements that exceed the claimant's RFC. 640 F. App'x at 736. The court concluded that conflicting authority on this point rendered defendant's position substantially justified. *Id.* at 736-37. That is not the case here, however, where the Commissioner took the position that there was no error in the ALJ's failure to resolve the conflict between the DOT and the VE's testimony and only in the alternative urged the Court to find harmless error. As previously noted, the Commissioner has not addressed at all whether his litigation position was legally and factually reasonable with respect to the ALJ's error in the first instance. Nor has the Commissioner addressed how his harmless error position was substantially justified or reasonable under the exception given the absence of published case law to support his position, the legal standard prescribed in *Allen* for applying harmless error, and knowing that jurists in this District have been unwilling to make a sweeping pronouncement that 50,000 national jobs, and even higher job numbers, are significant under a harmless error review. Doc. 24 at 12-13 (citing cases). *See Lashawnda N. J. v. Kijakazi*, 2021 WL 9639635, at *3 (N.D. Okla. Sept. 30, 2021) (noting that the exception applies only if the Commissioner's harmless error assertion was reasonable).

For the foregoing reasons, the Court finds the Commissioner's position as a whole was not substantially justified and that his harmless error assertion was not reasonable under the applicable exception.

## **RECOMMENDATION**

For all of the reasons stated above, the Court finds that Ms. Ayala's Motion is well taken. The Court, therefore, recommends that the Motion be **GRANTED** and that Plaintiff be awarded $11,565.00 in attorney fees pursuant to the EAJA.


The Court further recommends Plaintiff's request for additional EAJA fees in the amount of $3,777.90 related to compensation for fee litigation be **GRANTED**.  See *Comm'r, INS v. Jean*, 496 U.S. 154, 161 (1990) (a fee award under the EAJA may include compensation for all aspects of the action, including compensation for fee litigation).[8]

**THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).  **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition.  If no objections are filed, no appellate review will be allowed.**

_____
**JOHN F. ROBBENHAAR**
**United States Magistrate Judge**

---

[8] Plaintiff stated in her Motion that she would be seeking additional fees related to litigating the EAJA award.  Doc. 27 at 6.  The Commissioner did not address or respond to this directly but argued broadly that the Court deny Plaintiff's request for an EAJA award.  Doc. 28 at 8.